JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, ETC., peticionaria, *v.* PRESBYTERIAN HOSPITAL, INC., demandada.

*Número:* JRT-66-11    *Resuelto:* 9 de octubre de 1968

*Juan B. Fernández Badillo, Procurador General, J. F. Rodríguez Rivera, Procurador General Interino, Luis M. Rivera Pérez, Marta Ramírez de Vera* y *Celia Canales de González,* abo-

---

gados de la peticionaria; *R. Rodríguez Lebrón,* abogado de Presbyterian Hospital, Inc.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El convenio colectivo suscrito por el Hospital Presbiteriano y la United Steelworkers of America, AFL–CIO, Unión Local 6455, vigente a la fecha de los hechos, disponía en el apartado F de su Art. VII lo siguiente:

"F. *Períodos de Descanso:*

1—A todos los empleados se les concederá un período de descanso de quince (15) minutos en la primera mitad del turno al empleado.

2—Dichos períodos de descanso serán asignados durante la segunda y tercera hora del turno asignado al empleado."

En 25 de enero de 1965, el representante local de la Unión, Obdulio Cancel, escribió a Myriam G. de Calderín, Jefe de Personal del Hospital, la siguiente carta:

"Después de recibir varias quejas y después de hacer una investigación en todos los pisos con las enfermeras a cargo de las Nurse Aids (enfermeras auxiliares y orderlies), hemos encontrado que durante la vigencia del Convenio Colectivo actual se ha violado el Artículo VII, Parte F, Períodos de Descanso, con este grupo de trabajadores.

Por lo tanto, esperamos que se cumpla con este Artículo y se le paguen esos quince (15) minutos en dinero retroactivamente, lo antes posible.

Adjunto encontrará lista firmada por los empleados afectados."

No se pusieron de acuerdo la Unión y el patrono y en 10 de marzo de 1966 la Unión presentó una querella por escrito en la que expresó lo siguiente:

"Desde que se firmó el Convenio Colectivo vigente (junio 4, 1964) y hasta recientemente, no se les ha otorgado el período

de descanso de 15 minutos en cada turno a las enfermeras auxiliares y a los orderlies o attendants.

Esta es una violación al Artículo VII, Sección F, titulado 'Períodos de Descanso' del Convenio Colectivo vigente.

La Unión pide que se le pague, a cada uno de los empleados afectados por este período de descanso en el cual han rendido trabajo para el hospital, desde el día 6 de junio de 1964, hasta la fecha en que la gerencia los haya otorgado, o los otorgue, dicho período para descansar. El pago será de quince minutos por cada período no descansado computado al tipo de salario regular denvengado por el empleado."

Tampoco se logró un acuerdo entre las partes sobre el asunto y la Unión solicitó que el mismo se sometiera a arbitraje. Así se hizo, a tenor con el Art. VI del Convenio. Dicho artículo dispone, entre otras cosas, que "La decisión del Arbitro será final y obligatoria para ambas partes."

En 4 de mayo de 1966 se celebró la vista de arbitraje, en la cual la Unión y el Hospital sometieron al árbitro, Lcdo. José Orlando Grau, el siguiente acuerdo de sumisión:

"El árbitro determinará: PRIMERO: si el convenio colectivo concertado el 9 de junio de 1964 obliga al patrono a pagarle a las enfermeras auxiliares, a los orderlies y a los attendants por los períodos de descanso no disfrutados. SEGUNDO: si hubo empleados dentro de las clasificaciones mencionadas que en efecto no disfrutaron de período de descanso. TERCERO: Cuál sería la compensación a que tendrían derecho las enfermeras auxiliares, los orderlies y los attendants, si el árbitro resolviese en la afirmativa las dos cuestiones precedentes."

En su laudo, el árbitro, luego de hacer una exposición de los hechos resolvió:

"1.—El patrono está obligado a compensar a las enfermeras, a los orderlies y a los attendants los períodos de descanso no disfrutados.

2.—Hubo empleados dentro de las clasificaciones mencionadas en la oración precedente que no disfrutaron del período de descanso.

3.—Los empleados aludidos en la oración previa tienen derecho a una compensación equivalente a un cuarto de hora (¼) por cada día en el cual no disfrutaron del período de descanso en la forma provista en el convenio colectivo."

Al negarse el Hospital a acatar el laudo del árbitro, la Junta recurrió a este Tribunal solicitando que ordenemos al demandado a cumplir el mismo. 29 L.P.R.A. sec. 70(2) (c).

La posición del demandado es que el laudo es nulo porque "(1) Fue dictado en exceso de autoridad o jurisdicción, y (2) porque no resuelve definitivamente todas las cuestiones en controversia que fueron sometidas." Argumenta que la falta de jurisdicción o exceso de autoridad que le imputa al laudo se basa en que el árbitro suplió "una disposición ajena y extraña" al disponer que el patrono debía pagar por los períodos de descanso ordenados por el convenio y no concedidos por el patrono a los empleados. Por otro lado, argumenta que el laudo no resolvió todas las controversias que le fueron sometidas al árbitro.

Basta reexaminar el acuerdo de sumisión y el laudo para ver que son frívolos los dos planteamientos del demandado. Al árbitro se le solicitó mediante el acuerdo de sumisión que determinase PRIMERO, si el convenio obligaba al patrono a pagarle a las enfermeras auxiliares, a los "orderlies," y a los "attendants" por los períodos de descanso no disfrutados. A esta primera cuestión el árbitro contestó en su laudo en la afirmativa. Véase el párrafo Núm. I del laudo, antes citado. Nada "ajeno" ni "extraño" insertó el árbitro. Se limitó a contestar claramente lo que le preguntaron a ese respecto.

La SEGUNDA cuestión planteada en el acuerdo de sumisión fue si hubo empleados que no disfrutaron del período de descanso, a tenor con lo dispuesto en el convenio. Esa cuestión también la contestó en la afirmativa el árbitro en su laudo. Véase el párrafo Núm. 2 del laudo, antes citado.

La TERCERA cuestión sometida al árbitro fue que determinase cual sería la compensación a que tendrían derecho

las enfermeras auxiliares, los "orderlies" y los "attendants," si el árbitro resolviese en la afirmativa las dos cuestiones precedentes. Esa cuestión la resolvió el árbitro también en forma clara y específica. Véase el párrafo Núm. 3 del laudo, antes citado.

Pretende el patrono impugnar el laudo por insuficiencia porque el árbitro no dijo *cuáles empleados* no disfrutaron del período de descanso. No lo dijo porque no se lo preguntaron. Véase el acuerdo de sumisión, antes citado. Si lo hubiese dicho sin preguntársele casi seguramente el patrono estaría argumentando que el árbitro actuó "en exceso de autoridad o jurisdicción" por ese motivo.

El demandado ha pretendido deshacer en los tribunales lo que se arbitró válidamente. Su posición es insostenible. *J.R.T.* v. *Sindicato Obreros Unidos*, 92 D.P.R. 60 (1965); *J.R.T.* v. *Executive House, Inc.*, 91 D.P.R. 798 (1965); *López* v. *Destilería Serrallés*, 90 D.P.R. 245 (1964); *Junta* v. *Caribbean Container Co.*, 89 D.P.R. 742 (1964); *Pérez* v. *Autoridad Fuentes Fluviales*, 87 D.P.R. 118 (1963); *Rivera Adorno* v. *Autoridad de Tierras*, 83 D.P.R. 258 (1964); *J.R.T.* v. *N.Y. & P.R. S/S Co.*, 69 D.P.R. 782 (1949).

*Por las razones anteriormente expuestas se dictará sentencia (1) poniendo en vigor el laudo emitido por el árbitro en este caso y (2) ordenando al demandado acatar dicho laudo y pagar a las enfermeras auxiliares, a los "orderlies," y a los "attendants" aquí concernidos las sumas que correspondan a tenor con el convenio colectivo vigente a la fecha de los hechos y con lo resuelto en el laudo.*