JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, ETC., peticionaria, *v.* U.S.M. PRECISION PRODUCTS, INC., demandada.

*Número:* O-71-168    *Resuelto:* 28 de septiembre de 1971

*Gilberto Gierbolini, Procurador General, José E. Rodríguez Rosaly, Miguel A. Rivera Arroyo,* abogados de la peticionaria.

PER CURIAM: Se trata de una petición de la Junta de Relaciones del Trabajo, al amparo del Art. 9 (2) (c) de la Ley de Relaciones del Trabajo, 29 L.P.R.A. sec. 70 (2) (c), para que pongamos en vigor un laudo de arbitraje. Dicha

petición fue notificada por correo certificado a la demandada en 16 de julio de 1971.

Una riña entre dos empleados de la demandada dio lugar al despido por ésta del empleado Ángel Luis Espinosa. Observando lo pactado en el convenio colectivo la Unión concernida y el patrono sometieron el asunto a arbitraje. El acuerdo de sumisión fue en el sentido de que el árbitro determinase si el despido del empleado estuvo o no justificado.

El árbitro determinó que el despido del empleado fue injustificado y ordenó su reposición a su empleo con derecho a la paga atrasada desde la fecha en que fue despedido. El patrono repuso al empleado en su antiguo empleo pero se ha negado a satisfacer el pago dispuesto en el laudo.

El convenio colectivo pertinente dispone en el inciso "C" de su Art. VII que el árbitro "tendrá autoridad para resolver final y obligatoriamente" los asuntos a él sometidos y que en caso de suspensiones o despidos el árbitro, en caso de determinar que éstos han sido injustificados, ordenará a la Compañía la reposición del empleado con o sin sueldos atrasados.

El árbitro actuó dentro de sus facultades y el acuerdo de sumisión es claro. No podemos entrar a evaluar el razonamiento que utilizó el árbitro para llegar a su conclusión. Debidamente sometido el asunto, como lo fue, su decisión es final. Corresponde, pues, que la pongamos en vigor. *Beauchamp* v. *Dorado Beach Hotel*, 98 D.P.R. 633 (1970); *Nazario* v. *Tribunal Superior*, 98 D.P.R. 846 (1970); *J.R.T.* v. *Presbyterian Hospital, Inc.*, 96 D.P.R. 569 (1968); *J.R.T.* v. *Executive House, Inc.*, 91 D.P.R. 798 (1965).

*Se ordenará a la demandada a hacer efectivo, dentro de los cinco días de haberle sido notificada esta orden, al empleado Ángel Luis Espinosa los salarios atrasados que le corresponden por motivo de este asunto, so pena de incurrir en desacato al Tribunal.*

El Juez Presidente Señor Negrón Fernández no intervino.